**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CAROL A. VIGIL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | NO. EP-17-CV-0242-LS |
| | § | |
| **NANCY BERRYHILL, ACTING** | § | |
| **COMMISSIONER OF SOCIAL** | § | |
| **SECURITY;** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Carol Vigil appeals the denial of her application for supplemental security income under 42 U.S.C. § 405(g). The parties consent to my determination of the case under 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for the Western District of Texas. I **AFFIRM** the Commissioner's decision denying Vigil's application.

## I.     Facts and Proceedings

Vigil alleges she became disabled on January 20, 2015 because of depression, suicidal ideation, shortness of breath, anxiety, neck and back pain, bilateral hip pain, lower extremity pain, insomnia, memory loss, and mood swings.[1] An Administrative Law Judge ("ALJ") held a hearing on October 4, 2016 and heard testimony from Vigil, who was represented by counsel.[2] In an opinion dated March 1, 2017, the ALJ determined that Vigil was not disabled within the meaning of the Social Security Act.[3] The Appeals Council denied her request for review, making the decision of the ALJ the final decision of the Commissioner.[4]

---

[1] R:313.
[2] R:69-120.
[3] R:14-27.
[4] R:1-3.

In this appeal Vigil argues that her mental impairments are severe enough that she should have been found presumptively disabled, and argues that the ALJ underestimated the extent to which work-related stress might affect her.

## II.     Discussion

### A.     Legal Standards

Judicial review of the Commissioner's decision is limited to two inquiries: 1) whether the decision is supported by substantial evidence on the record as a whole; and 2) whether the Commissioner applied the proper legal standards.[5] Substantial evidence is more than a mere scintilla, and less than a preponderance.[6] The Commissioner's findings will be upheld if support-ed by substantial evidence.[7] In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the im-pairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work.[8]

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's

---

[5] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).
[6] *Masterson*, 309 F.3d at 272.
[7] *Id.*
[8] 20 C.F.R. § 416.920; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).

age, education, and work history.[9] A court cannot, however, reweigh the evidence or try the issues *de novo*.[10] The Commissioner, not the courts, must resolve conflicts in the evidence.[11]

**B.  Residual Functional Capacity**

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations.[12] The responsibility to determine a claimant's RFC belongs to the ALJ.[13] The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record.[14] The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.[15] An RFC finding is used to determine if the claimant can still do her past jobs.[16] If unable, the RFC is then used to determine whether she can do other jobs in the national economy.[17]

**C.  The ALJ's Findings**

In this case, the ALJ found that Vigil had severe impairments that included "chronic right knee pain; late effect of lower extremity fracture; post right hip replacement; left ankle osteoarthritis; obesity; ovarian cyst; pelvic adhesive disease; seizure; anxiety disorder; depression, and borderline personality traits."[18] None, however, were severe enough to meet or equal an impairment listed in the appendix to the regulations.[19] The ALJ found that Vigil could still perform "sedentary work,"[20] with certain limitations. The ALJ determined that even with these limita-

---

[9] *Perez*, 415 F.3d at 462.
[10] *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985).
[11] *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).
[12] 20 C.F.R. § 416.945.
[13] *Id.* at § 416.946; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).
[14] *Perez*, 415 F.3d at 461-62.
[15] *See* 20 C.F.R. §§ 416.929, 416.945.
[16] *Perez*, 415 F.3d at 462.
[17] *Id.*
[18] R:16.
[19] R:17.
[20] R:19. "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one

tions there are jobs in the national economy that Vigil can do.[21] Accordingly, the ALJ found Vigil not disabled and not entitled to supplemental security income.[22]

### D. Presumptive disability based on mental health impairments.

Vigil bases her appeal on her mental impairments only, and argues first that they are so severe she should have been deemed disabled at step three[23] of the sequential disability analysis. The severity of "mental disorders" is measured using medical criteria ("paragraph A"),[24] functional criteria ("paragraph B"),[25] and an analysis of "serious and persistent mental disorders" ("paragraph C").[26] Vigil's personality disorder would qualify as severe enough if it satisfied the requirements of both paragraphs A and B,[27] while her anxiety and depression disorders would qualify if they satisfied the requirements of both paragraphs A and B, or A and C.[28] Vigil does not challenge the ALJ's finding that her mental impairments fail to satisfy the paragraph C criteria,[29] and the ALJ seems to have found in Vigil's favor with respect to the paragraph A criteria. At issue, then, is the ALJ's finding that "the paragraph B criteria are not satisfied."[30]

A claimant's mental disorder satisfies "paragraph B" when it results in one "extreme" or two "marked" limitations in the following "areas of mental functioning…in a work setting": (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrat-

---

which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

[21] R:26.

[22] R:27.

[23] 20 C.F.R. § 416.920(a)(4)(iii).

[24] 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(a).

[25] *Id*. at § 12.00(A)(2)(b).

[26] *Id*. at § 12.00(A)(2)(c).

[27] *See id*. at § 12.00(A)(1),(2).

[28] *Id*.

[29] R:19 ("In this case, the evidence failed to establish the presence of the 'paragraph C' criteria…").

[30] *Id*.

ing, persisting, or maintaining pace; (4) and adapting or managing oneself.[31] A "marked limita-tion" means that a claimant is seriously limited in her ability to independently, appropriately, and effectively function in the area at issue.[32] An "extreme limitation" means that a claimant has no ability to so function on a sustained basis.[33]

"Concentration, persistence, and pace" refers to a claimant's ability "to focus attention on work activities and stay on task at a sustained rate."[34] Vigil challenges the ALJ's determination that her limitations in this area are only moderate.[35] She relies on a July 2015 functional report her counsel's office generated in which she self-reports that she loses focus and concentration daily,[36] and on a September 2015 psychological examination reporting that her "attention and concentration were measured to be in the low average range."[37] The ALJ noted, however, that the same psychological report found that Vigil's "[a]ttention and concentration appeared within normal limits during the interview, as she was able to attend to questions and focus on the flow of the evaluation."[38] Notably, the psychologist himself deemed Vigil's "ability to concentrate and persist at tasks of basic work…mildly impaired."[39] The ALJ also relied on a December 2015 medical exam during which Vigil was found to have a "[n]ormal attention span and concentra-tion."[40] Substantial evidence supports the ALJ's determination that Vigil's "concentration, per-sistence, and pace" limitations are only "moderate," and neither "extreme" or "marked."

---

[31] 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(b).
[32] *Id*. at § 12.00(F)(2)(d).
[33] *Id*. at § 12.00(F)(2)(e).
[34] *Id*. at § 12.00(E)(3).
[35] ECF No. 14, at 9-10.
[36] R:325.
[37] R:1270.
[38] *Id*.
[39] R:1271.
[40] R:1793.

Vigil does not challenge the ALJ's determination that she has only "moderate" limitations with respect to "understanding, remembering, or applying information" and "interacting with others," and only "mild" limitations with respect to "adapting or managing" herself.[41] She instead addresses paragraph B criteria that are now obsolete.[42] When the Commissioner pointed this out,[43] Vigil argued only that the ALJ's decision must be invalid because it relied on the 2015 psychologist report referenced above, generated before the 2017 criteria change.[44] The ALJ's decision, however, does not refer to or rely on the psychologist's conclusions about the obsolete paragraph B criteria. Instead, it gleans from the report factual observations and conclusions, including Vigil's memory ability, ability to go out and interact with others, her attention span and concentration, and her ability to manage money.[45] The ALJ's decision also relies extensively on the 2015 functional report that Vigil's attorney's office generated for her.[46] To the extent that the 2015 psychological report is Vigil's only basis to challenge the ALJ's conclusions about the remaining three 2017 paragraph B criteria, such challenge fails, and the ALJ's determination that Vigil was not presumptively disabled at step three was not error.

### E. Failing to take into account the added stress of the workplace.

Vigil next argues that her "sedentary work" rating is wrong because it does not take into account how the added stress of a work environment would affect her.[47] She argues that she "has

---

[41] R:19.

[42] The paragraph B criteria the ALJ addressed became effective January 17, 2017, and applied to "claims that are pending on or after the effective date." Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 9754 (effective Jan. 17, 2017) (codified at 20 C.F.R. §§ 404, 416) (the new rule applies to claims "pending on or after the effective date."). The ALJ issued her decision on March 1, 2017. R:27.

[43] ECF No. 15, at 3.

[44] ECF No. 16, at 2.

[45] R:18-19 (the ALJ references the psychologist's report as "Ex. B18F," which is in the record at R:1268-72).

[46] R:18-19 (the ALJ references the functional report as "Ex. B3E," which is in the record at R:324-34).

[47] ECF No. 14, at 12.

a history of needing higher medication when she is under stress,"[48] but the sole record on which she relies reflects only: "Started to take Cymbalta again – mood – better, [no suicidal ideations], anger – is triggered when fiancé gets angry."[49] This record does not support a finding that Vigil has a history of needing increased medication for stress. Besides, the ALJ's sedentary work rating allowed for the following limitations: Vigil is "limited to simple routine work; limited to occasional interaction with supervisors, coworkers and members of the public; limited to a workplace with few changes in the routine work setting and limited to making simple work related decisions…[she also] could not perform work in tandem with other employees."[50] The record does not support Vigil's argument that workplace stress would unduly affect her, but even if it did, the ALJ's limitations sufficiently address any such concern.

The ALJ properly considered all of the medical evidence in this case, and substantial evidence supports her decision. I find no legal error, and the decision of the Commissioner is **AFFIRMED**. Any and all pending motions are denied as moot.

**SIGNED** and **ENTERED** July 2, 2018

_____
**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**

---

[48] *Id.*
[49] R:408.
[50] R:19.